FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001063
23-NOV-2015
08:17 AM

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---


THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS CWMBS, INC., ALTERNATIVE LOAN TRUST
2006-OA1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-OA1,
Plaintiff/Appellee/Cross-Appellant,
v.
FRANK O. COMITO, LINDA A. COMITO,
Defendants/Appellants/Cross-Appellees
and
JOHN DOES 1-50, JANE DOES 1-50, Defendants

_____

BLUE MOUNTAIN HOMES, LLC,
Third-Party Plaintiff/Appellee/Cross-Appellee,
v.
THE BANK OF NEW YORK MELLON, AS TRUSTEE FOR THE
CERTIFICATEHOLDERS CWMBS, INC., ALTERNATIVE LOAN TRUST
2006-OA1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES
2006-OA1; FRANK O. COMITO; LINDA A. COMITO,
Third-Party Defendants/Appellees,
and
JOHN DOES 1-50, JANE DOES 1-50, DOE CORPORATIONS 1-10, DOE
PARTNERSHIPS 1-10, DOE "NON-PROFIT" CORPORATIONS 1-10,
DOE ASSOCIATIONS 1-10, and DOE GOVERNMENTAL
ENTITIES 1-10, Defendants

NO. CAAP-14-0001063

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1838)

NOVEMBER 23, 2015

NAKAMURA, C.J., FOLEY AND REIFURTH, JJ.

OPINION OF THE COURT BY FOLEY, J.

Defendants/Appellants/Cross-Appellees Frank O. Comito and Linda A. Comito (together, **Comitos**) appeal from the: (1) August 7, 2014 "Order Granting Plaintiff's Motion for Summary Judgment and Writ of Possession Filed May 13, 2014"; (2) August 7, 2014 "Writ of Ejectment"; and (3) August 7, 2014 "Judgment for Ejectment" entered in the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, the Comitos contend the circuit court erred in granting summary judgment and a writ of ejectment in favor of Plaintiff/Appellee/Cross-Appellant Bank of New York Mellon, as Trustee for the Certificateholders CWMBS, Inc., Alternative Loan Trust 2006-OA1 Mortgage Pass-Through Certificates, Series 2006-OA1 (**BNYM**) after BNYM had transferred title of the property to Third-Party Plaintiff/Appellee/Cross-Appellee Blue Mountain Homes, LLC (**Blue Mountain**) during the pendency of the ejectment action, allegedly divesting BNYM of standing to pursue its ejectment action.

BNYM cross-appeals from the "Order Denying Plaintiff's Motion for an Award of Attorneys' Fees and Costs Against [the Comitos], Filed August 22, 2014" entered on October 9, 2014 in the circuit court.

On cross-appeal, BNYM contends the circuit court erred in denying BNYM's motion for attorneys' fees on jurisdictional grounds.

## I.   BACKGROUND

The Comitos mortgaged their property to Home Loan Capital Inc. (**Home Loan Capital**), and the mortgage was recorded on January 20, 2006.  Under the terms of the mortgage, Mortgage Electronic Registration Systems, Inc. (**MERS**) was the mortgagee acting solely as nominee for Home Loan Capital.

BNYM purchased the property following a nonjudicial foreclosure sale and recorded its quitclaim deed on April 21, 2010.

---

[1]      The Honorable Rhonda A. Nishimura presided.

BNYM filed an action for ejectment against the Comitos on August 18, 2011. BNYM transferred its interest in the subject property to Blue Mountain Homes, LLC (**Blue Mountain**) by special warranty deed, recorded on May 14, 2013. On December 4, 2013, Blue Mountain filed a motion to intervene on the basis that "any adjudication of this lawsuit will affect Blue Mountain's right and claim of superior title to the subject property at issue."

BNYM filed a motion for summary judgment on May 13, 2014. The circuit court orally granted the motion at the hearing on June 4, 2014. On August 7, 2014, the circuit court entered its order granting BNYM's motion for summary judgment, its writ of ejectment, and judgment for ejectment.

On August 19, 2014, the Comitos filed their notice of appeal.

BNYM filed a motion for attorneys' fees and costs, file stamped on August 22, 2014. BNYM disputes the filing date, arguing that the motion was lodged with the circuit court on August 21, 2014.

On August 25, 2014, the circuit court granted Blue Mountain's motion to intervene.

On October 9, 2014, the circuit court denied BNYM's motion for attorneys' fees and costs.

## II.   STANDARD OF REVIEW

### A. Standing

"On appeal, the issue of standing is reviewed *de novo* under the right/wrong standard." Abaya v. Mantell, 112 Hawai'i 176, 180, 145 P.3d 719, 723 (2006) (citing State ex rel. Office of Consumer Protection v. Honolulu Univ. of Arts, Sciences, and Humanities, 110 Hawai'i 504, 513, 135 P.3d 113, 122 (2006)).

### B. Jurisdiction

> The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard. Questions regarding subject matter jurisdiction may be raised at any stage of a cause of action. When reviewing a case where the circuit court lacked subject matter jurisdiction, the appellate court retains jurisdiction, not on the merits, but for the purpose of correcting the error in jurisdiction. A judgment rendered by a circuit court without subject matter jurisdiction is void.

3

<u>Lingle v. Hawai'i Gov't Emps. Ass'n, AFSCME, Local 152, AFL-CIO</u>, 107 Hawai'i 178, 182, 111 P.3d 587, 591 (2005) (quoting <u>Amantiad v. Odum</u>, 90 Hawai'i 152, 158-59, 977 P.2d 160, 166-67 (1999)).

### III. DISCUSSION

**A. BNYM's Standing to Continue Litigating Ejectment Action**

The Comitos argue on appeal that BNYM did not have title to the subject property because it had transferred title to Blue Mountain before BNYM filed its motion for summary judgment, and thus BNYM could not establish an injury in fact necessary for standing.

BNYM argues in response that "[a]s the owner of the property, [BNYM] was entitled to sell the property to Blue Mountain; however, it continued to pursue its ejectment action and represented the interest of the new purchaser in doing so." BNYM argues it "was permitted to continue the action after the transfer in interest occurred under [Hawai'i Rules of Civil Procedure (**HRCP**) Rule] 25(c); thus, there was no genuine issue regarding the participation of the real party in interest here, particularly when Blue Mountain ratified the action."

HRCP Rule 25(c) states, "In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party."[2] BNYM transferred its interest to Blue Mountain after BNYM filed its ejectment claim against the Comitos.[3] Therefore, to the extent that BNYM had title at the time it filed the ejectment action, BNYM was permitted to file a motion for summary judgment on the merits of the ejectment action even after it had transferred the property to Blue Mountain. In addition, the Comitos do not dispute that Blue Mountain ratified BNYM's ejectment action.

---

[2]  Instead of a motion for substitution, Blue Mountain filed a motion to intervene under HRCP Rule 24(a). The circuit court granted the motion to intervene on August 25, 2014. The motion to intervene did not deprive BNYM of its ability to continue litigating the ejectment action.

[3]  BNYM filed its complaint on August 18, 2011. BNYM transferred its interest to Blue Mountain on May 6, 2013.

The Comitos do not contend that BNYM did not have standing to file the original ejectment action, and thus we do not address this argument. See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived."). The Comitos' contention that BNYM lacks standing to pursue its claim is without merit.

**B. Jurisdiction Over BNYM's Motion for Attorneys' Fees and Costs**

On cross-appeal, BNYM argues the circuit court erred in ruling that the filing of the Comitos' notice of appeal prior to BNYM's post-judgment motion for attorneys' fees and costs divested the circuit court of jurisdiction over the motion for attorneys' fees and costs.

The circuit court relied heavily on the unpublished Hawai'i Supreme Court decision in Krog v. Koahou, SCWC-12-0000315 (Haw. Feb. 28, 2014) (mem.). Like the Comitos, the petitioners in Krog were subject to an ejection action following a nonjudicial foreclosure of their property. Id. at 1. The trial court granted the foreclosing party's motion for summary judgment at a hearing on December 21, 2011, and the order was entered on January 26, 2012. Id. On February 17, 2012, the petitioners filed a motion for stay pending appeal. Id. at 2. The foreclosing party opposed the motion on March 5, 2014, arguing that he was entitled to an award of attorneys' fees and costs, and did not file a separate motion for attorneys' fees and costs. Id.

In Krog, the Hawai'i Supreme Court held that the trial court lacked jurisdiction to award attorneys' fees because the foreclosing party failed to file a motion for the award of fees. Id. at 4. Because the trial court had awarded attorneys' fees and costs without having considered the motion pursuant to HRCP Rule 54,[4] the supreme court voided the award of attorneys' fees

---

[4]     HRCP Rule 54 provides in relevant part:

**Rule 54. JUDGMENTS; COSTS; ATTORNEYS' FEES.**

.    .    .    .

(continued...)

for lack of jurisdiction. <u>Id.</u> at 6. Implicit in the supreme court's finding was the understanding that a timely-filed HRCP Rule 54(d)(2) motion would have allowed the trial court to have retained jurisdiction to determine a motion for attorney's fees and costs. <u>See</u> <u>id.</u> at 6.

Here, unlike the foreclosing party in <u>Krog</u>, BNYM filed a timely motion for an award of attorneys' fees and costs pursuant to HRCP Rule 54(d)(2). Therefore, the circuit court's reliance on <u>Krog</u> to find that it had no jurisdiction to hear BNYM's motion for attorneys' fees was misplaced. Because BNYM's motion for attorneys' fees and costs complied with HRCP Rule 54(d)(2), the circuit court retained jurisdiction to determine whether BNYM was entitled to fees and costs.

It is worth noting that this court has stated,

---

[4](...continued)
**(d) Costs; attorneys' fees.**

(1) COSTS OTHER THAN ATTORNEYS' FEES. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the State or a county, or an officer or agency of the State or a county, shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on 48 hours' notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

(2) ATTORNEYS' FEES.

(A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

(B) Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after the entry of an appealable order or judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought. If directed by the court, the motion shall also disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made.

(C) The provisions of subparagraphs (A) and (B) do not apply to claims for fees and expenses as sanctions for violations of rules.

> In civil cases where the party seeking attorney fees or costs fails to (1) have included within the order or judgment being appealed an award of costs and attorney fees, or (2) comply with HRAP Rule 4(a)(3),[5] the following rule applies:
>
>> While a case is on appeal, the lower court lacks jurisdiction to decide any questions pertaining to attorney fees arising out of or relating to the matter on appeal.

French v. French, 110 Hawai'i 399, 403-04, 133 P.3d 828, 832-33 (App. 2006) (emphasis added and footnote altered). In this case, the parties appear to have complied with HRAP Rule 4(a)(3), and therefore, the rule articulated in French does not apply.[6]

We reverse the circuit court's decision denying the motion for attorneys' fees and costs to the extent the circuit court found there was no jurisdiction because the motion had been filed after the notice of appeal. We remand to the circuit court to determine whether the motion was timely filed and if so, whether BNYM is entitled to attorneys' fees and costs.

## IV. CONCLUSION

Therefore, we affirm the (1) August 7, 2014 "Order Granting Plaintiff's Motion for Summary Judgment and Writ of Possession Filed May 13, 2014"; (2) August 7, 2014 "Writ of

---

[5] HRAP Rule 4(a)(3) provides:

(3) TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

The notice of appeal shall be deemed to appeal the disposition of all post-judgment motions that are timely filed after entry of the judgment or order.

The 90-day period shall be computed as provided in Rule 26 of these Rules.

[6] If BNYM filed its post-judgment motion for attorneys' fees and costs on August 21, 2014, within fourteen days after entry of the August 7, 2014 judgment for possession under HRCP Rule 54(d)(2)(B), then BNYM would have extended the thirty-day time period for filing a notice of appeal, and would have extended the date by which a party could file a notice of appeal, as well as the trial court's jurisdiction, to November 10, 2014. See HRAP Rule 4(a)(1) and (3).

Ejectment"; and (3) August 7, 2014 "Judgment for Ejectment" entered in the Circuit Court of the First Circuit. We vacate the August 22, 2014 "Order Denying Plaintiff's Motion for an Award of Attorneys' Fees and Costs Against Defendants Frank O. Comito and Linda A. Comito" also entered in the Circuit Court of the First Circuit and remand this case for further proceedings consistent with this Opinion.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
(Dubin Law Offices)
for Defendants/Appellants/
Cross-Appellees.

Patricia J. McHenry
Kirk M. Neste
(Cades Schutte)
for Plaintiff/Appellee/
Cross-Appellant.

*Craig H. Nakamura*

*Daniel R. Foley*

*Lawrence M Reifurth*